UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IRIS JIMENEZ,

                        Plaintiff,

      v.

SUL 620/564 LLC AND JAKO ENTERPRISES, LLC,

                        Defendants.
------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff Iris Jimenez (hereafter referred to as "Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants SUL 620/564 LLC and Jako Enterprises, LLC (together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-

mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2. These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, Plaintiff Iris Jimenez has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, Plaintiff Iris Jimenez has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. Defendant SUL 620/564 LLC owns the property located at 620 West 181st Street in New York County, New York (hereinafter referred to as "620 West 181st Street").

8. At all relevant times, defendant Jako Enterprises, LLC operates a retail clothing store doing business as Snipes.

9. At all relevant times, defendant Jako Enterprises, LLC operates and/or leases property located at 620 West 181st Street, from defendant SUL 620/564 LLC, in which the retail clothing store doing business as Snipes is located (hereinafter referred to as the "Snipes premises").

10. Upon information and belief, SUL 620/564 LLC and Jako Enterprises, LLC have a written lease agreement.

11. Each defendant is licensed to and does business in New York State.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Snipes premises located at 620 West 181st Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

13. The Snipes premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL

(Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

14. 620 West 181st Street consists of 3 levels, a cellar level, ground level, and an upper level and has a lot area of 7,500 square feet.

15. The Snipes Premises consists of 3 levels, a cellar level, ground level, and an upper level and has a gross floor area of 7,500 square feet.

16. Upon information and belief on various dates after January 1992, physical modifications and renovations ("alterations") were made to 620 West 181st Street, including areas adjacent and/or attached to 620 West 181st Street.

17. Upon information and belief, at some time after January 1992, alterations were made to the Snipes premises, and to areas of 620 West 181st Street related to the Snipes premises.

18. Architectural barriers exist at the Snipes premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

19. In the Spring of 2023 Plaintiff attempted to and desired to access the Snipes premises.

20. The services, features, elements and spaces of the Snipes premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

21. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Snipes premises that are open and available to the public.

22. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std").

23. Plaintiff either personally encountered or has knowledge of such barriers to access.

24. Upon information and belief, a full inspection of the Snipes premises will reveal the existence of other barriers to access.

25. As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Snipes premises to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend this Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

26. Defendants have denied Plaintiff the opportunity to participate in or benefit from their publicly available services and accommodations because of disability.

27. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

28. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Snipes premises continue to exist and deter Plaintiff from shopping at the Snipes premises.

29. Plaintiff resides in the Washington Heights neighborhood of New York County, NY in which the Snipes premises is located.

30. Situated on West 181st Street, the Snipes premises is located within Washington Heights' main commercial corridor.

31. Plaintiff goes to the West 181st Street commercial corridor at least twice a month.

32. Plaintiff goes to the West 181st Street commercial corridor to shop for, among other things, food, clothing and gifts.

33. In the Spring of 2023 Plaintiff went shopping on the West 181st Street commercial corridor.

34. Plaintiff entered the Snipes premises to shop.

35. The Snipes premises, however, lacked an accessible entrance making it difficult for Plaintiff to enter without assistance.

36. Specifically, the entrance doors of the Snipes premises lacked level maneuvering clearances at the pull side of the door.

37. Once Plaintiff managed to get inside the store, Plaintiff was unable to shop for women's clothing as there was no accessible route of at least 36 inches of minimum width to all areas of the Snipes premises.

38. Specifically, women's clothing was located on an upper floor that was only accessible by steps.

39. The Snipes premises provides non-disabled customers with a staircase to travel to the upper level to shop for women's clothing.

40. As steps are the only means of vertical access to the upper floor, mobility impaired customers, like Plaintiff, had no access to the goods offered for sale on the upper floor of the Snipes premises.

41. As the women's clothing remains on the upper floor, which can only be accessed via steps, Plaintiff is unable to shop for women's clothing at the Snipes premises.

42. By selling clothing only available on the wheelchair inaccessible upper floor of the Snipes premises, Defendants discriminate against mobility impaired customers, like Plaintiff, by providing less and unequal access to the Snipes premises than what it provides non-disabled customers.

43. By selling women's clothing on the upper floor of the Snipes premises which is inaccessible to individuals who use wheelchairs to ambulate, like Plaintiff, Defendants deny Plaintiff on the basis of disability, full and equal enjoyment of the

goods, services, facilities, privileges, advantages, and accommodations Defendants offer non-disabled individuals at the Snipes premises.

44. Plaintiff intends to patronize the Snipes premises one or more times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code so that she is able to shop for clothing at the Snipes premises the same as non-disabled individuals.

45. Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the Snipes Premises.

46. Plaintiff continues to suffer an injury due to Defendants exclusion of Plaintiff from the upper floor of the Snipes premises, and their denying Plaintiff the opportunity to enjoy the goods offered for sale on the upper floor.  This is because she desires to shop for women's clothing at the Snipes premises but Defendants deny her the opportunity to do so based on disability.

47. Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation.

48. Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as the Snipes premises are not fully accessible and fail to provide an integrated and equal setting for the Plaintiff.

49. Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Snipes premises.

50. Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they fail to make reasonable modifications in policies, practices, or procedures at the Snipes premises, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations Defendants' offer.

51. Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they offer clothing for sale on the upper level of the Snipes premises and do not stock identical clothing on the ground level of the Snipes premises.

52. Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they only offer women's clothing for sale on the upper level of the Snipes premises and do not stock identical women's clothing on the ground level of the Snipes premises.

53. Defendants discriminate against Plaintiff in violation of the the NYSHRL and the NYCHRL as they do not provide a means of vertical access to the upper level of the Snipes premises.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

54. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

55. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

56. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

57. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

<u>Denial of "Full and Equal" Enjoyment and Use</u>

58. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

59. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

60. The Snipes premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

<u>Failure to Make an Altered Facility Accessible</u>

61. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2).

62. Defendants altered the Snipes premises in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to

the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

63. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

64. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

65. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

66. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

67. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

68. In the alternative, to the extent it was not "readily achievable" for Defendants to remove the barriers at the Snipes premises, Defendants violated the ADA

11

by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Modify Existing Policies and Procedures</u>

69. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

70. Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Snipes premises, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

71. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

72. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

73. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

74. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

75. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

76. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

77. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

78. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

79. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

80. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

81. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

82. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

83. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

84. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

85. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

86. Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

87. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible. *See also* New York City Local Law 35 of 2016.

88. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants have aided and abetted others in committing disability discrimination.

89. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

90. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

91. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

92. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

93. Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

94. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

95. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, SUL 620/564 LLC continuously controlled, managed, and operated the public sidewalk abutting 620 West 181st Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

96. SUL 620/564 LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

97. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

98. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

99. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

100. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

101. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

102. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

103. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

104. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

105. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

106. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

107. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

108. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

109. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

110. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

111. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive

18

relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

112. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

113. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

  D. Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

  E. Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

  F. Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

  G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

  H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

  I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: January 8, 2025
   New York, New York

          Respectfully submitted,

         **HANSKI PARTNERS LLC**

         By: /s
          Robert G. Hanski, Esq.
          Attorneys for Plaintiff
          85 Delancey Street
          New York, New York 10002
          Telephone: (212) 248-7400
          Email: rgh@disabilityrightsny.com